1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   MLADEN PECANAC,                    )
                                       )
10          Petitioner,                )      Case No. 3:06-CV-0218-LRH-VPC
                                       )
11   vs.                               )
                                       )      **<u>SCHEDULING ORDER</u>**
12   JACK PALMER, *et al.*,            )
                                       )
13          Respondents.               )
     _____ /

14

15          The Court previously entered an order appointing counsel for petitioner.  Counsel has now

16   entered an appearance on petitioner's behalf.  Petitioner's counsel is Debra Bookout, Assistant Federal

17   Public Defender, 411 East Bonneville Ave., Suite 250, Las Vegas, Nevada 89101, 702-388-6577.

18          Counsel has also entered an appearance on respondents' behalf.  Respondents' counsel is Erik

19   A. Levin, Deputy Attorney General, Criminal Justice Division, 100 North Carson Street, Carson City,

20   Nevada 89701-4717, 775-684-1271.

21          Petitioner and his counsel should pay very close attention to the effect of the one-year statute of

22   limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the

23   Antiterrorism and Effective Death Penalty Act (AEDPA)).  In addition, petitioner and his counsel should

24   be aware of the holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*,* and *Fail v. Hubbard*, 315 F.3d 1059

25   (9th Cir. 2002).  The practical effect of *Duncan* and *Fail* is that the one-year limitations period

26   applicable to all federal habeas corpus petitions will generally not be tolled during the pendency of a

27   federal habeas corpus petition.  This means that any subsequent habeas corpus petition filed in this Court

28   -- for example, a petition filed after returning to state court to exhaust any unexhausted claims -- may

1   be untimely under the applicable statute of limitations, and the time during which this habeas corpus case

2   is pending will not toll or otherwise excuse compliance with that statute.

3          It is appropriate at this time for the Court to enter orders regarding scheduling in this case.

4          **IT IS THEREFORE ORDERED** that counsel for petitioner shall contact petitioner as soon as

5   reasonably possible to:(a) review the procedures applicable in cases under 28 U.S.C. §2254; (b) discuss

6   and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in

7   petitioner's case;  and (c) advise petitioner that all possible grounds for habeas corpus relief must be

8   raised at this time in this case, and that the failure to do so will likely result in the omitted grounds being

9   barred from future review under the rules regarding abuse of the writ.

10         **IT IS FURTHER ORDERED** that counsel for petitioner shall file and serve a First Amended

11  Petition for Writ of Habeas Corpus within **sixty (60) days** of the entry of this Order.  The First Amended

12  Petition shall include all known grounds for relief (both exhausted and unexhausted).  Respondents shall

13  have **forty-five (45) days** after service of the First Amended Petition within which to answer or

14  otherwise respond to the First Amended Petition.

15         Dated this 7th day of July, 2006.

18  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE